ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIME WARNER CABLE, INC.,

Plaintiff,

-against-

DIRECTV, INC.,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: **MAY 0 2 2007**

No. 06 Civ. 14245 (LTS)(MHD)

## MEMORANDUM OPINION AND ORDER

Plaintiff Time Warner Cable, Inc. ("Plaintiff" or "TWC") brought this action,

asserting false advertising, deceptive business practices and breach of contract claims against

Defendant DIRECTV, Inc. ("Defendant" or "DIRECTV"), pursuant to Section 43(a) of the Lanham

Act, 15 U.S. C. § 1125(a), §§ 349 and 350-a of the New York General Business Law, and the

common law. The Court has jurisdiction of the federal statutory claims raised in this matter

pursuant to 28 U.S.C. §§ 1331 and 1343 and has supplemental jurisdiction of the related state law

claims pursuant to 28 U.S.C. § 1367. By Opinion and Order dated February 5, 2007, the Court

granted TWC certain preliminary injunctive relief relating to the advertising of DIRECTV's

services. A second preliminary injunction motion was denied by an Opinion and Order dated April

16, 2007.

Defendant now moves for an order requiring TWC to post a $1,000,000.00 bond, to

protect DIRECTV in the event that it is determined that DIRECTV was wrongfully restrained by the

Court's February 5, 2007 Opinion and Order granting TWC's first motion for a preliminary

Copies mailed picked up by counsel
5.1.07

injunction barring the dissemination of certain DIRECTV television and internet advertisements.[1] See Time Warner Cable, Inc. v. DIRECTV, Inc., No. 06 Civ. 14245 (LTS), 2007 WL 412498 (S.D.N.Y. Feb. 05, 2007). TWC counters that the bond should be no larger than $50,000.00. The Court has considered thoroughly the parties' written evidentiary and argumentative submissions. For the reasons that follow, Defendant's motion for a bond is granted, in the amount of $500,000.00.

## BACKGROUND

Familiarity with the general background and procedural history of this matter is presumed. See Time Warner Cable, Inc. v. DIRECTV, Inc., No. 06 Civ. 14245 (LTS), 2007 WL 412498 (S.D.N.Y. Feb. 05, 2007) and Time Warner Cable, Inc. v. DIRECTV, Inc., No. 06 Civ. 14245 (LTS), 2007 WL 1138879 (S.D.N.Y. Apr. 16, 2007).

DIRECTV arrives at its $1,000,000.00 bond figure by valuing brochures it says it can no longer disseminate at $260,000.00, tear out sheets at $80,000.00 and website changes at $4,000.00, for a total out of pocket cost of $344,000.00. DIRECTV then argues that it will suffer a further $600,000.00 due to, among other things, the uncertainty DIRECTV faces in trying to determine what is and is not permitted by the injunctive order, and "the competitive disadvantage by restricting DIRECTV's ability to advertise, as well as the additional resources that must be expended developing and renewing new advertisements that do not risk being interpreted in a manner inconsistent with the injunction." DIRECTV requests a bond in a total amount of no less

---

[1]     Counsel for DIRECTV was unable to offer a proposed bond amount or facts relevant to the determination as to the necessity of a bond at the January 31, 2007, oral argument on TWC's first preliminary injunction motion, but indicated that it would like to brief the bond issue supplementally after the issuance of an injunction, if any. See Tr. of January 31, 2007, oral argument at 49-50. The Court did not impose a bond requirement when it entered the February 5, 2007, preliminary injunction, as no evidence of harm had been presented at that point.

than $1,000,000.00.

TWC counters that the alleged harm to DIRECTV from the injunction is de minimis, as the television commercials that were the principal subject of the injunction were discontinued before the injunction was entered. TWC argues that DIRECTV has not put forward credible evidence to support its out of pocket expense claims[2] and that its submission fails to exclude the possibility that it might be able to reuse the brochures and tear-out sheets later if DIRECTV is found to have been wrongfully enjoined. However, DIRECTV demonstrates in its reply papers that the materials contain time-sensitive programming references that would appear to make it difficult, if not impossible, to use them at a future time. See Williams Reply Decl. Ex. C at 2, 3, 6.

TWC also calls DIRECTV's claim for the additional $650,000.00 in damages "baseless." The affidavit of Jon T. Geiselman, DIRECTV's Senior Vice President of Advertising and Public Relations, which was submitted in support of the motion for a bond, provides little concrete analysis of how that figure was reached, but instead refers generally to the type of work that DIRECTV will be performing to comply with the injunction, such as the development of new concepts and advertisements that comply with the injunction, and also to the "competitive disadvantage" DIRECTV believes it is suffering by reason of the injunction. (Geiselman Aff. ¶¶ 10-13.)

#### DISCUSSION

Federal Rule of Civil Procedure 65(c) provides in pertinent part that:

No restraining order or preliminary injunction shall issue except upon the

---

[2]    DIRECTV failed to provide copies of the brochures and tear-out sheets in its moving papers in support of this motion, but did provide them as attachments in its reply papers.

> giving of security by the applicant, in such sum as the court deems proper,
> for the payment of such costs and damages as may be incurred or suffered by
> any party who is found to have been wrongly enjoined or restrained.

Fed. R. Civ. P. 65(c).

Rule 65(c) gives the district courts wide discretion to set the amount of a bond, and even to dispense with the bond requirement "where there has been no proof of likelihood of harm, or where the injunctive order was issued 'to aid and preserve the court's jurisdiction over the subject matter involved.' " Doctor's Associates, Inc. v. Stuart, 85 F.3d 975, 985 (2d Cir. 1996) (citations omitted). The bond is intended to afford security only for those damages, if any, that might be "proximately caused by the [wrongful] issuance of [an] injunction." B.G. Soft Ltd. v. BG Soft Int'l, Inc., No. Cv.-01-17 (RR)(VVP), 2002 WL 1467744, *2 (E.D.N.Y. Apr. 29, 2002) (internal citations omitted). "In fixing the amount of security required, a court is not required to order security in respect of claimed economic damages that are no more than speculative." Int'l Equity Invs., Inc. v. Opportunity Equity Partners, 441 F. Supp. 2d 552, 566 (S.D.N.Y. 2006). The burden is on the party seeking security to establish a rational basis for the amount of the proposed bond.

Here, DIRECTV has provided concrete evidence of its out of pocket expenditures to date, namely the $344,000.00 that it has paid for brochures and tear out sheets whose use is called into question by the injunction (and whose reuse is not possible due to time-sensitive references) and also the changes it has made to its website as a result of the injunction. The Court is mindful that "[g]enerally, the amount of the bond posted is the limit that a wrongfully restrained party may recover. . . . Thus, in determination of the amount of the bond, the court should attempt to limit the possibility that a restrained party that is ultimately successful on the merits is not able to obtain adequate relief." Johnson Controls, Inc. v. A.P.T. Critical Systems, Inc, 323 F. Supp. 2d 525, 541 (S.D.N.Y. 2004). If the injunction is found to have been wrongfully entered, and DIRECTV is able

to mitigate its damages by using some of the materials at issue, then the entirety of the bond will not be needed for damages.

Likewise, the Court will provide DIRECTV some security for costs associated with restrategizing its advertising campaign and determining what materials are and are not in compliance with the injunction. However, the Court finds that DIRECTV's request for approximately $650,000.00 as security for dealing with those issues has not been adequately explained or documented and is, on this record, speculative at best. Instead, the Court will direct Plaintiff to enter a bond in the total amount of $500,000.00 to reflect both the specific out of pocket expenses explained earlier and other reasonable costs associated with changes in DIRECTV's advertising campaigns that may be necessitated by compliance with the preliminary injunction Order.

## CONCLUSION

For the foregoing reasons, Defendant's motion for a bond is granted. Plaintiff shall file its bond in the amount of $500,000.00 with the Clerk of Court by May 11, 2007.

SO ORDERED.

Dated: New York, New York
May 1, 2007

LAURA TAYLOR SWAIN
United States District Judge